

**FILED**

OCT 0 4 2022

Clerk, U S District Court
District Of Montana
Missoula

**TIMOTHY J. RACICOT**
**First Assistant U.S. Attorney**
**KARLA E. PAINTER**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, MT 59807**
**101 East Front Street, Suite 401**
**Missoula, MT 59802**
**Phone:       (406) 542-8851**
**FAX:         (406) 542-1476**
**E-mail:      Tim.Racicot2@usdoj.gov**
**              Karla.Painter@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 22-39-M-DWM** |
| **Plaintiff,** | **PLEA AGREEMENT** |
| **vs.** | **(Rule 11(c)(1)(A) & (B),** *Federal Rules of Criminal Procedure*) |
| **ANDREW KYLE WHITTECAR,** | |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, represented by Karla E. Painter, Assistant United States

Attorney for the District of Montana, the defendant, Andrew Kyle Whittecar, and

the defendant's attorney, Andrew J. Nelson, have agreed upon the following:

AUSA      DEF      ATTY      Date                           Page 1

1.     **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.     **Charges:**  The defendant agrees to plead guilty to counts 2, 4, and 5 of the indictment, and admit the forfeiture allegation.  Count 2 charges the crime of possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1).  This offense carries a mandatory minimum term of imprisonment of ten years and a maximum term of life, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.  Count 4 charges the crime of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  This offense carries a maximum term of imprisonment of 10 years, a $250,000 fine, three years of supervised release, and a $100 special assessment.  Count 5 charges the crime of money laundering in violation of 18 U.S.C. § 1957.  This offense carries a maximum term of imprisonment of 20 years, a $500,000 fine, three years of supervised release, and a $100 special assessment.

The parties also agree to the following guideline provisions:

- The two-level increase of the defendant's offense level under USSG §2D1.1(b)(1) applies due to the defendant's possession of a dangerous weapon.

- The defendant is not safety-valve eligible under USSG §5C1.2 and, therefore, not entitled to an additional two-level reduction under USSG §2D1.1(b)(18)

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts 1,3, and 6 of the indictment.

*Forfeiture:* The defendant will also admit the forfeiture allegation and abandon all right title and interest in the following property, execute a release and waiver to that effect, or agree to the entry of an Order of Forfeiture transferring the property to the United States:

- 3414 Prosperity Heights Drive, Stevensville, MT 59870;

- 2019 Ford F450 pickup truck bearing Vehicle Identification Number 1FT8W4DT4KEE58515;

- 2008 Ford F450 with a listed Vehicle Identification Number of 1FTXW43R88EB81426;

- 2015 Cadillac Escalade with a listed Vehicle Identification Number of 1GYS4SKJ8FR556876;

- 2021 Big Tex Flatbed Trailer bearing Vehicle Identification Number of 16V3F382XM4024411;

- 2001 Caterpillar Backhoe Model 420D with a listed Serial Number of FDP773;

- $3,000.00 in U.S. Currency; and

- Glock 17 Gen4 mm handgun with a listed Serial Number of BGYL917 and ammunition.

3.    **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) moves to dismiss, and the Court agrees to dismiss, counts 1, 3, and 6 of the indictment, and b) makes the recommendations provided below.  The defendant understands that, if the agreement is accepted by the Court, and counts 1, 3, and 6 the indictment are dismissed, there will not be an automatic right to withdraw the plea, even if the Court does not accept or follow the recommendations made by the parties.

4.    **Admission of Guilt:**  The defendant will plead guilty because the defendant is guilty of the charges contained in counts 2, 4, and 5 of the indictment.

In pleading guilty to **count 2 (possession with intent to distribute controlled substances)**, the defendant acknowledges that:

First, the defendant knowingly possessed controlled substances; and

Second, the defendant possessed them with the intent to distribute to another person.

Additionally, while not a formal element of the offense, the defendant possessed with the intent to distribute 400 grams or more of a substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

*12.1 Ninth Circuit Model Criminal Jury Instruction; 21 U.S.C. § 841.*

| AUSA | DEF | ATTY | Date | Page 4 |

In pleading guilty to **count 4 (felon in possession of a firearm)**, the defendant acknowledges that:

First, the defendant knowingly possessed a firearm;

Second, the firearm had been shipped from one state to another or between a foreign nation and the United States;

Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

*14.16 Ninth Circuit Model Criminal Jury Instruction.*

In pleading guilty to **count 5 (money laundering)**, the defendant acknowledges that:

First, the defendant knowingly engaged in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from the distribution of controlled substances; and

Fifth, the transaction occurred in the United States.

*18.7 Ninth Circuit Model Criminal Jury Instruction (Money Laundering).*

**5.**     **Waiver of Rights by Plea:**

(a)     The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)     The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)     The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial.  The United States must also consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing

all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the refusal to testify.  Or the defendant could exercise the choice to testify.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)     If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6.     Recommendations:**  The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.  The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.  The parties reserve the right to make any other arguments at

the time of sentencing.  The defendant understands that the Court is not bound by this recommendation.

7.     **Sentencing Guidelines:**  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.     **Waivers:**

*(a) Waiver of Appeal of the Sentence – Conditional:*  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  The prosecution has a comparable right of appeal.  18 U.S.C. § 3742(b).  By this agreement the defendant waives the right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the Guideline range calculated by the Court, regardless of whether the defendant agrees with that range.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.  The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the Guideline range calculated by the Court.

AUSA     DEF     ATTY     Date                                    Page 9

*(b) Waiver of Appeal of the Sentence – 5K motion:*  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255.  Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing.  If such a motion is made and the Court accepts the plea agreement, the defendant waives all right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction.  This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement.  No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any individual prosecutor to file such a motion or make such a commitment without express written approval of the U.S. Attorney or a Committee of other prosecutors

designated and empowered by the U.S. Attorney to approve such a motion.  JM 9-27.400.

*(c) Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion*:  The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case.  18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, *Federal Rules of Criminal Procedure*, to reward the defendant for any substantial assistance the defendant provides after sentencing.  If such a motion is made, and granted by the Court, the defendant agrees to waive any appeal or collateral attack of the sentence and judgment imposed, and dismiss any pending appeal of the judgment and sentence previously taken.  This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

The United States emphasizes, and the defendant again acknowledges, that no such motion is bargained for in this agreement.  No commitment to make such a motion has been made as part of the plea agreement, and the defendant has been made specifically aware that Department of Justice policy does not authorize any

AUSA          DEF          ATTY          Date                                                    Page 11

individual prosecutor to make such a commitment without express written approval of the U.S. Attorney, or a Committee of other prosecutors designated and empowered by the U.S. Attorney to approve such a motion.  JM 9-27.400.

 **9.** **Voluntary Plea:**  The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

 **10.** **Breach:**  If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement.  Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

 **11.** **Detention/Release After Plea:**  Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to

AUSA  DEF  ATTY  Date          Page 12

flee or pose a danger to any other person or the community.  Then, if exceptional

circumstances exist, the defendant may be released upon conditions.

      **12.**    **Loss of Federal Benefits:**  The defendant acknowledges that, based

on the plea of guilty to a federal controlled substances crime, the defendant is no

longer eligible for assistance under any state program funded under Part A of Title

IV of the Social Security Act or benefits under the Food Stamp Act.  21 U.S.C. §

862a.  The Court may also deny the defendant eligibility to participate in any

federal grant, contract, loan, professional license, or commercial license.  21

U.S.C. § 862.

      **13.**    **Entire Agreement:**  Any statements or representations made by the

United States, the defendant, or defense counsel prior to the full execution of this

plea agreement are superseded by this plea agreement.  No promises or

representations have been made by the United States except as set forth in writing

in this plea agreement.  This plea agreement constitutes the entire agreement

between the parties.  Any term or condition which is not expressly stated as part of

/ /

/ /

/ /

/ /

/ /

this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

KARLA E. PAINTER
Assistant U. S. Attorney
Date: 10/4/22

ANDREW WHITTECAR
Defendant
Date: 10-3-22

ANDREW J. NELSON
Defense Counsel
Date: 10/3/22